```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION

UNITED STATES OF AMERICA,         Case No. 5:15-cr-00446-DAP-1
                                  Cleveland, Ohio
         Plaintiff,               Monday, June 27, 2016
                                  1:30 p.m.
    vs.

TERRENCE JOSEPH McNEIL,

         Defendant.


                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE DAN AARON POLSTER,
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:        Christos N. Georgalis
                           Michelle M. Baeppler
                           Assistants United States Attorney
                           801 West Superior Avenue
                           400 U.S. Court House
                           Cleveland, Ohio   44113
                           216-622-3600

For the Defendant:         Nathan A. Ray
                           Burdon & Merlitti
                           Ste. 201
                           137 South Main Street
                           Akron, Ohio   44308
                           330-253-7171



Official Court Reporter:   Heidi Blueskye Geizer,
                           Certified Realtime Reporter
                           United States District Court
                           801 West Superior Avenue
                           Cleveland, Ohio   44113
                           216-357-7092
```

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
                  AFTERNOON SESSION, MONDAY, JUNE 27, 2016  1:30 P.M.
 1
 2                      THE COURT:  All right.  We're here on Case
 3       5:15-cr-446, United States versus Terrence McNeil.
 4       Mr. McNeil is here with Mr. Ray.  We have Mr. Georgalis and
 5       Ms. Baeppler for the government.  We had set this for a
 6       pretrial/change of plea deadline.
 7            All right.  Mr. Ray, how does your client wish to
 8       proceed?
 9                      MR. RAY:  Your Honor, may it please the Court,
10       at this point in time we will be asking the Court to provide
11       us with a trial date.  The government and I have had
12       extensive discussions, I have relayed everything to
13       Mr. McNeil.  So at this point in time, Your Honor, we'd ask
14       the Court to provide us with a trial date.
15                      THE COURT:  Mr. Georgalis, Ms. Baeppler, I had
16       some note that the government might file a superseding
17       indictment, be seeking superseding indictment.
18                      MR. GEORGALIS:  That is correct, Judge.  The
19       government does intend to -- since this matter will proceed
20       to trial -- to supersede, to add a couple extra charges.  It
21       won't change the discovery or the presentation of the case
22       at trial, it just a couple extra counts related to a
23       particular statute that we have discussed with Mr. Nathan
24       Ray for some time now.  We intend to do so in July.
25                      MR. RAY:  And Your Honor, if I may, for
```

|  |  |
|---|---|
| 1 | purposes of the record, I had been made aware of that. |
| 2 | Mr. McNeil has been made aware of that. He has been made |
| 3 | aware that the government, should his case not be resolved, |
| 4 | they will be superseding. There is no surprise. |
| 13:32:34  5 | THE COURT: Is that going to change the |
| 6 | guidelines, advisory guidelines computation? |
| 7 | MR. GEORGALIS: It should not, Judge. |
| 8 | THE COURT: All right. |
| 9 | All right. Mr. Ray, is there any question about |
| 13:33:07 10 | competence in this case? We haven't had a formal competency |
| 11 | examination. You sought the appointment of an expert, which |
| 12 | I granted, to prepare some psychiatric report. So I just |
| 13 | want to know before we proceed, is there an issue about your |
| 14 | client's competence? |
| 13:33:33 15 | MR. RAY: Your Honor, thank you. |
| 16 | The expert that was provided has met with Mr. McNeil |
| 17 | over a period of a couple of days. At this time there is no |
| 18 | question on the issue of competency, so we are ready to go |
| 19 | forward -- |
| 13:33:49 20 | THE COURT: Okay. |
| 21 | MR. RAY: -- with the trial. Thank you, sir. |
| 22 | THE COURT: All right. Mr. Georgalis, how |
| 23 | long a trial do you anticipate this being? |
| 24 | MR. GEORGALIS: Judge, there's obviously a |
| 13:34:13 25 | hundred-plus victims of this particular crime involved here. |

1    Obviously we wouldn't be putting on that many victims.
2    There will be several of them that will be asked to testify
3    in this case. There's a great deal of data and electronic
4    evidence that we will be offering as well to the jury here,
5    so I'd say approximately a week and a half for the
6    government's case.
7                THE COURT: There's no way to streamline this?
8    I mean, a lot of it is going to be repetitive. I'm trying
9    to determine exactly what the crime is. He put a lot of
10   things on social media. How many specific victims did he
11   transmit these communications to?
12               MR. GEORGALIS: Well, I guess it's not a
13   question of how many victims he transmitted it to, it's a
14   question of how many victims were affected by this
15   transmission. So there are two particular images that were
16   posted online. One of them related to a hundred military
17   personnel, and another one related to just one military
18   personnel.
19               THE COURT: All right. Has the government
20   offered, made any plea offer to Mr. McNeil? I want to put
21   this on the record and make sure Mr. McNeil understands it.
22               MR. GEORGALIS: The government has extended on
23   multiple occasions the opportunity for Mr. McNeil to proffer
24   with the United States. Under the terms of the proffer
25   agreement, it's our understanding from Mr. Ray that

|    |    |
|----|----|
| 1  | Mr. McNeil has no interest in doing so.  That particular |
| 2  | step would have moved along the plea negotiation process. |
| 3  | Mr. McNeil is facing an offense level of 54, according to |
| 4  | the pre-plea presentence investigation report that was filed |
| 5  | by the Probation Department, so the offense level is |
| 6  | extremely high. |
| 7  | THE COURT:  54? |
| 8  | MR. GEORGALIS:  I believe that's correct, |
| 9  | Judge. |
| 10 | THE COURT:  The guidelines only go up to 43. |
| 11 | MR. GEORGALIS:  That's correct, Judge.  So |
| 12 | really a proffer was the best opportunity to begin the |
| 13 | process of discussing ways to resolve this matter short of |
| 14 | trial.  We have even tried attorney proffers, but that |
| 15 | didn't seem to go anywhere either. |
| 16 | THE COURT:  All right.  Well, Mr. McNeil, if |
| 17 | you're convicted you're facing life in prison without |
| 18 | parole.  That's the highest sentence for a noncapital case |
| 19 | there is, so there is no parole.  So do you understand that? |
| 20 | THE DEFENDANT:  Really?  No. |
| 21 | THE COURT:  You don't understand? |
| 22 | THE DEFENDANT:  I understand it, but -- |
| 23 | THE COURT:  You find that funny? |
| 24 | THE DEFENDANT:  No, I don't find it funny, I |
| 25 | just don't understand it.  I don't understand why I'm here |

| | | |
|---|---|---|
| | 1 | in the first place. |
| | 2 | THE COURT: Well, I think I'm going to |
| | 3 | have -- I've heard enough. I think I'm going to have you |
| | 4 | committed for a competency exam. You think life in prison |
| 13:37:42 | 5 | is funny, and you say you don't see why you're here. I |
| | 6 | don't think you have any appreciation for what you are |
| | 7 | accused of doing. |
| | 8 | THE DEFENDANT: What I'm accused of doing, I |
| | 9 | didn't actually do it. |
| 13:37:53 | 10 | THE COURT: Sir -- |
| | 11 | THE DEFENDANT: If you were accused of |
| | 12 | something you didn't do, would you fight for it or not? Any |
| | 13 | sane person would fight for it, especially if they knew down |
| | 14 | in their heart they're innocent. |
| 13:38:04 | 15 | THE COURT: I'm not asking you any questions |
| | 16 | about the offense. You have a Fifth Amendment right not to |
| | 17 | make any statements about this. I'm just trying to |
| | 18 | determine if you're competent to stand trial, and part of it |
| | 19 | is whether you understand the consequences of what you're |
| 13:38:21 | 20 | accused of doing. |
| | 21 | THE DEFENDANT: I understand the consequences, |
| | 22 | but I don't think they're warranted at all. |
| | 23 | THE COURT: Well, whether they're warranted or |
| | 24 | not, they're there if you're convicted. If you're not |
| 13:38:32 | 25 | convicted, fine, you walk out; but if you're convicted, |

1 you'll probably never see the light of day.

2 THE DEFENDANT: It's all the same --

3 THE COURT: That's how it works. The jury

4 will decide. You don't have to prove anything. The

13:38:45 5 government has to prove your guilt.

6 Do you understand what you're charged with doing? I'm

7 not asking you whether you did anything. I want to know, do

8 you know what you're charged with doing, what the government

9 has accused you of doing in this indictment?

13:39:07 10 THE DEFENDANT: I know, but I don't understand

11 it.

12 THE COURT: Well, tell me what you think

13 you're charged with doing. I'm not asking you to say

14 anything about what you did or didn't do, I just want to

13:39:19 15 know that you understand what you are accused of doing. So

16 tell me what you believe the indictment is accusing you of

17 doing.

18 THE DEFENDANT: Stuff that I didn't do.

19 THE COURT: I'm not asking you what it's not

13:39:38 20 charging you with, I want to know what your understanding is

21 of what you're charged with.

22 THE DEFENDANT: I don't know. I do not know

23 how to answer that without going into detail.

24 THE COURT: Well, I want you to go into detail

13:39:55 25 about what you're charged with. I'm not asking you whether

```
 1              you did anything, but I want to know if you understand what
 2              you're charged with, what you're accused of doing.
 3                          THE DEFENDANT:  The actual wording?  Yes, you
 4              put words on paper; I read them.  Yes, I understand it.
 5              THE COURT:  What crimes are you accused of
 6              committing, sir?
 7                          THE DEFENDANT:  The exact crimes?  I don't --
 8                     (The defendant and counsel spoke off the record.)
 9                          THE DEFENDANT:  Solicitation of violence.
10                          THE COURT:  Yes, and you're also accused of
11              posting the names, addresses, photographs, and branches of
12              over 100 U.S. servicemen --
13                          THE DEFENDANT:  I'm accused of --
14                          THE COURT:  -- along with threats to kill
15              them.
16                          THE DEFENDANT:  I didn't do that.
17                          THE COURT:  I didn't ask you what you did or
18              didn't do, I asked you if you know what you're charged with,
19              and you didn't say anything about that.
20                          THE DEFENDANT:  Okay.
21                          THE COURT:  That's what you're accused of
22              doing, sir.
23                          THE DEFENDANT:  I know what I'm being accused
24              of.
25                          THE COURT:  All right.  Fine.
```

| | |
|---|---|
| 1 | And do you have an idea of how a jury is going to |
| 2 | react to this, sir? Have you discussed that with your |
| 3 | lawyer, how a jury might react to this? |
| 4 | THE DEFENDANT: How do I know how -- |
| 13:41:44  5 | THE COURT: I'm simply asking you, have you |
| 6 | discussed with Mr. Ray how a juror is likely to react to |
| 7 | this evidence in this courtroom when we have a trial? |
| 8 | THE DEFENDANT: No. You can't guess what |
| 9 | someone's mindset is going to be. |
| 13:42:02 10 | THE COURT: Sir, that's what a lawyer does. |
| 11 | He uses his or her experience trying other cases and gives |
| 12 | you his best advice as to how a jury is going to react to |
| 13 | the evidence. He doesn't know for sure, but Mr. Ray has |
| 14 | tried countless cases over his career. |
| 13:42:22 15 | THE DEFENDANT: I'm pretty sure not a case |
| 16 | like this. |
| 17 | THE COURT: He's tried countless cases and has |
| 18 | a pretty good sense of how a jury is likely to consider |
| 19 | evidence. I want to know if you've discussed that with him. |
| 13:42:32 20 | I'm not asking you what he said to you, I want to know did |
| 21 | he discuss that with you? |
| 22 | THE DEFENDANT: I don't recall. |
| 23 | THE COURT: You don't recall? |
| 24 | THE DEFENDANT: Yes. |
| 13:42:44 25 | (The defendant and counsel spoke off the record.) |

1  THE COURT: Well, I'm concerned about
2 Mr. McNeil's competence. The standard is whether you can
3 fully appreciate the nature and consequences of the
4 accusations and whether or not you can assist in your
5 defense.
6  I'm having a hard time communicating with Mr. McNeil
7 on those subjects, so particularly since we're talking about
8 a lengthy trial and where Mr. McNeil is facing life in
9 prison without parole, I want to be confident that he's
10 competent. And so I'm going to -- you're in custody now,
11 you're not going anywhere. I'm going to request a
12 competency examination and see what the experts say.
13  If the experts come back and say they find you
14 competent, so be it; well, then we'll schedule a trial. All
15 right? So I'll issue the appropriate order. So you may be
16 sent to a medical facility, Mr. McNeil. I don't know how
17 the Bureau of Prisons will handle it. And you'll be
18 examined by a trained psychiatrist, and they will render an
19 expert opinion as to whether or not you fully understand the
20 nature and consequences of your actions and whether you can
21 assist Mr. Ray in your defense.
22  All right? So obviously when we get the results of
23 the report it will go to counsel, and then we'll see where
24 we go from there.
25  Okay. Anything further from the government or the

1 defense?

2 MR. GEORGALIS: Nothing further, Judge. Thank

3 you.

4 MR. RAY: Nothing further, Your Honor. Thank

13:44:53  5 you.

6 THE COURT: Okay. We're adjourned.

7 DEPUTY CLERK: All rise.

8 - - - - -

9 (Proceedings adjourned.)

10

11 C E R T I F I C A T E

12

13 I certify that the foregoing is a correct transcript

14 from the record of proceedings in the above-entitled matter.

15

16 s/Heidi Blueskye Geizer        June 27, 2016

17 Heidi Blueskye Geizer, RMR-CRR        Date

18

19

20

21

22

23

24

25