UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:15-cr-00446-DAP-1 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| TERRENCE JOSEPH MCNEIL, | ) | |
| | ) | |
| Defendant. | ) | |

**I. Relevant Case History**

On October 13, 2016, the Government filed a Superseding Indictment alleging fifteen total counts of threatening, soliciting a crime of violence, and publishing the personal information of U.S. military personnel, in violation of 18 U.S.C. §§ 875(c) and 2 (i.e., counts 1, 4, 7, 10, and 13), 18 U.S.C. §§ 373(a) and 2 (i.e., counts 2, 5, 8, 11, and 14), and 18 U.S.C. §§ 119 and 2 (i.e., counts 3, 6, 9, 12, and 15).[1]  Doc. #: 30.

On October 18, 2016, at a Hearing before the Court, McNeil waived a reading of the Superseding Indictment and entered a plea of not guilty to all fifteen counts.  Minutes of

---

[1] Counts 1, 2, and 3 allege three violations involving the same set of alleged events; counts 4, 5, and 6 involve the same set of alleged events; counts 7, 8, and 9 involve the same set of alleged events; counts 10, 11, and 12 involve the same set of alleged events; and counts 13, 14, and 15 involve the same set of alleged events.

Proceeding, Doc #: 31; Hearing Tr., Doc #: 34. At that time, a trial was scheduled for February 6, 2017. Am. Criminal Trial Order, Doc #: 32, 35. On January 6, McNeil filed a Motion to Continue Trial, Doc #: 55, which the Court granted, rescheduling the Trial for May 10, 2017.

On December 6, 2016, McNeil filed the instant Motion to Dismiss, arguing the Superseding Indictment fails to set forth the elements of the offenses charged and fails to assert facts which establish the offenses charged. Mot. to Dismiss 2, Doc #: 37. The Government filed its Response on Dec. 22, 2016. Doc #: 50. At a January 6, 2017, teleconference to discuss Defendant's Motion to Continue Trial, defense counsel indicated no reply would be filed.

This Opinion and Order follows.

**II. Legal Standard**

"The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed R. Crim. P. 7(c). "In general, an indictment is constitutionally adequate if it 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (citations omitted) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "[T]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *Id.* (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir.1992)).[2]

---

[2] Although it has long be held that "[w]hen a challenge to an indictment is brought for the first time after the defendant has been convicted, the indictment is 'construed liberally in favor of its sufficiency,'" it unclear to whether the Sixth Circuit applies this standard pre-conviction.

III. Discussion

    A. Section 875(c) Counts

Counts 1, 4, 7, 10, and 13 allege violations of 18 U.S.C. § 875(c).

Section 875(c) provides, "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."  18 U.S.C. § 875(c).  In short, conviction requires proof that "(1) the defendant transmitted something, (2) the thing transmitted was a threat to injure the person of another, and (3) the transmission was in interstate or foreign commerce."  *Elonis v. United States*, 135 S. Ct. 2001, 2014 (2015) (Alito, J., concurring in part and dissenting in part).  Negligent threat is insufficient; transmission of "a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat," is sufficient.[3]  *Elonis* at 2012.

---

*United States v. Gibson*, 409 F.3d 325, 331 (6th Cir. 2005) (quoting *United States v. Gibson*, 513 F.2d 978, 979 (6th Cir.1975)); *accord United States v. Olive*, 804 F.3d 747, 752 (6th Cir. 2015); *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002); *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986); *see also United States v. McAuliffe*, 490 F.3d 526, 530–31 (6th Cir. 2007) ("Defendant first alleges numerous deficiencies in the indictment and maintains that the indictment was constructively amended through the jury instructions given by the district court.  Defendant concedes that he did not raise these challenges below.").  However, the Court need not address this question because liberal construction is presently unnecessary.

    [3] Neither the Supreme Court nor the Sixth Circuit has decided whether recklessness is sufficient or a higher standard is required.  *Elonis*, 135 S. Ct. at 2013 ("Both Justice ALITO and Justice THOMAS complain about our not deciding whether recklessness suffices for liability under Section 875(c)."); *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015) (internal citations omitted) ("The government resists this conclusion on the ground that recklessness satisfies the intent element of § 875(c) . . . .  Like the Supreme Court, we are a court of review, not first view.  The customary practice is to allow full briefing and argument on the issue at the trial level, after which we can assess whether the trial court in the first instance chose the correct standard (or if it wishes gave alternative standards for the jury to consider)".)  However, because the Court finds that the Superseding Indictment meets the "for the purpose of . . . or with

**1. In Interstate or Foreign Commerce and Transmission**

As McNeil does not appear to contend that either the transmission or the interstate commerce elements are not sufficiently alleged, the Court will address these elements very briefly.

Count 1 alleges, in part, "On or about September 24, 2015, . . . Defendant TERRENCE JOSEPH McNEIL, knowingly and willfully did transmit in interstate and foreign commerce from Akron, Ohio, to the State of New York, and to other states and countries, a communication . . . to the followers, and any viewers, of Defendant's Tumblr account . . . ." Superceding Indicment ¶ 12. Counts 4, 7, 10, and 13 include similar language each alleging McNeil sent, on or about a specific date, a communication from Akron, Ohio to either California or New York implicating McNeil's Internet accounts, specifically either Tumblr or Twitter.

It is clear that counts 1, 4, 7, 10, and 13 each sufficiently allege that McNeil transmitted something,[4] and it is similarly clear that counts 1, 4, 7, 10, and 13 each sufficiently allege an interstate commerce nexus for that transmission.

**2. Threat to Injure**

There is dispute about whether each of counts 1, 4, 7, 10, and 13 alleges a threat. In relevant part, count 1 alleges that McNeil

> [K]nowingly and willfully did transmit . . . a communication providing the

---

knowledge" standard deemed sufficient in *Elonis*, the Court need not decide this matter at present.

[4] The statute prohibits transmission, not authorship, so in evaluating the Superseding Indictment the Court does not distinguish between content originally created by McNeil and content merely passed on or redistributed by McNeil. The weight to afford these different types of transmissions is a question of fact for the jury.

> names, home addresses, photographs, and branches of the military of approximately one-hundred United States servicemen and women . . . and the communication contained threats to injure the approximately one-hundred United States servicemen and women, including, among others, to "[k]ill them in their own lands, behead them in their own homes, stab them to death as they walk their streets thinking that they are safe . . . and kill them wherever you find them."

Superseding Indictment ¶ 12 (internal quotation alterations in original).  Counts 4, 7, 10, and 13, are similar, differing primarily in the specific language of the alleged threats:

- Count 4: ". . . and the communication contained a threat to injure A.B. and W.T., including 'RT @_cyber_caliphat: [Arabic writing] Wanted to kill New Name. . . .'"
- Count 7: ". . . and the communication contained a threat to injure N.S., including 'RT@_cyber_caliphat: [Arabic writing] Wanted to kill New Name. . . .'".
- Count 10: ". . . and the communication contained a threat to injure R.O., including, among others, 'Released-Address of the US Navy Seal [R.O.] who killed Sheikh Osama Bin Laden R.A. - #GoForth #RunRobertRun. . . . I am posting the address to brothers & to Al Qaeda in the U.S. as a number one target'"
- Count 13: ". . . and the communication contained a threat to injure R.O., including, among others, 'Released – Address of the US Navy Seal [R.O.] who killed Sheikh Osama Bin Laden R.A. - #GoForth #RunRobertRun. . . . I am posting the address to brothers & to Al Qaeda in the U.S. as a number one target,' and 'don't let this kafir sleep peacefully.'"

*Id.* ¶¶ 18, 24, 30, 36 (alterations in internal quotations in original).

Additionally, the Superseding Indictment includes—under a "General Allegations" heading—several statements which McNeil is alleged to have posted to his online Facebook, Twitter, and Tumblr accounts, including

- "On or about May 12, 2014, Defendant posted, 'I would gladly take part in an attack on this murderous regime and the poeple [sic].'"
- "On or about May 12, 2014, Defendant posted, 'I'll be proud when I sled [sic] american blood.'"
- "On or about May 14, 2014, Defendant posted, 'Somebody should park a car bomb in front of a church, school, or mall.'"
- "On or about April 21, 2015, Defendant posted, 'No American citizen is safe, fisabilillah they are all valid target [sic]. Until our brothers and sisters are free from imprisonment, harassment, torture, bombs, and bullets American will bleed

       inshallah.'"
- "On or about July 7, 2015, Defendant posted, 'Too many homicidal thoughts.'"

*Id.* ¶¶ 4, 5 (alterations in original).

Read together, the general and count-specific language in the Superseding Indictment is sufficient that a jury may conclude the alleged statements are of a threatening nature communicated by McNeil either for the purpose of issuing a threat or with the knowledge that these communications would be viewed as a threat.

Thus, Counts 1, 4, 7, 10, and 13 each fairly inform McNeil of the charge against which he must defend, i.e., communication of a threat in violation of 18 U.S.C. § 875(c); contain the elements of 18 U.S.C. § 875(c) and assert facts which, if proved, would establish a prima facie case for that charge; and enable him to plead either an acquittal or a conviction against repeated prosecutions. Accordingly, Counts 1, 4, 7, 10, and 13 of the Superseding Indictment will not be dismissed.

### B. Section § 119 Counts

Counts 3, 6, 9, 12, and 15 allege violations of 18 U.S.C. § 119.

Section 119 criminalizes,

> Whoever knowingly makes restricted personal information about a covered person, or a member of the immediate family of that covered person, publicly available--
>     (1) with the intent to threaten, intimidate, or incite the commission of a crime of violence against that covered person, or a member of the immediate family of that covered person; or
>     (2) with the intent and knowledge that the restricted personal information will be used to threaten, intimidate, or facilitate the commission of a crime of violence against that covered person, or a member of the immediate family of that covered person, . . . .

18 U.S.C. § 119(a). "'[R]estricted personal information' means, with respect to an individual,

the Social Security number, the home address, home phone number, mobile phone number, personal email, or home fax number of, and identifiable to, that individual." 18 U.S.C. § 119(b)(1). "Covered person" includes, in relevant part, officers and employees of the United States government "including any member of the uniformed services." 18 U.S.C. § 1114; *see* 18 U.S.C. § 119(b)(2)(A).

> As to Count 3, the Superseding Indictment alleges,
>
> > On or about September 24, 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant TERRENCE JOSEPH McNEIL, knowingly made restricted personal information about certain members of the United States uniformed services, individuals designated in Title 18, United States Code, Section 1114, publically available, with the intent to threaten, intimidate, and incite, and with knowledge that the restricted personal information would be used to threaten, intimidate, and facilitate, the commission of a crime of violence as defined in Title 18, United States Code, Section 16(a), specifically the crimes of violence set forth in Title 18, United States Code, Section 1114 and 1389(a), against said certain members of the United States uniformed services, by posting on Tumblr a communication providing restricted personal information of approximately one-hundred United States servicemen and women to the followers, and any viewers, of Defendant's Tumblr account, which communication provided to "[k]ill them in their own lands, behead them in their own homes, stab them to death as they walk their streets thinking that they are safe. . . and kill them wherever you find them."

Superseding Indictment ¶ 16. The Superseding Indictment alleges the identified Tumblr post included "several dozen photographs of United States military personnel, along with their respective names, purported home addresses, and military branches." *Id.* ¶ 6. The post also allegedly instructed, "Know that it is wajib for you to kill these kuffar! and now we have made it easy for you by giving you addresses, all you need to do is take the final step, so what are you waiting for? Kill them in their own lands, behead them in their own homes, stab them to death as they walk their streets thinking that they are safe. . . ." *Id.* (alteration in original).

Based on such facts, a jury could find that McNeil knowingly made the addresses of U.S. military personal publically available. A jury could also find that this post was made with the intent to threaten, intimidate, or incite a crime of violence or with the knowledge the information would be used for such a purpose,[5] as such killing of U.S. military personnel may violate both 18 U.S.C. § 1389 ("Prohibition on attacks on United States servicemen on account of service") and 18 U.S.C. § 1114 ("Protection of officers and employees of the United States"), either of which is a violent crime. Accordingly, the indictment is sufficient as to count 3.

Counts 6, 9, 12, and 15 are structured similarly to count 3 and include similar allegations:

- Count 6 alleges public communications regarding the killing of military personnel A.B. and W.T. along with, in part, their respective photographs, names, and home addresses. Superseding Indictment ¶¶ 7, 22.
- Count 9 alleges public communications regarding the killing of military personnel N.S. along with a photograph of N.S. and two children and N.S.'s name and home address. *Id.* ¶¶ 8, 28.
- Count 12 alleges public communications regarding the killing of military personnel R.O. along with the R.O.'s name, photograph, and home address. *Id.* ¶¶ 9, 34.
- Count 15 alleges a separate public communications regarding the killing of military personnel R.O. along with R.O.'s photograph and home address. *Id.* ¶¶ 10, 40.

As with Count 3, the allegations in Counts 6, 9, 12, and 15 are sufficient such that based on these facts a jury might find McNeil violated 18 U.S.C. § 119.

Thus, Counts 3, 6, 9, 12, and 15 each fairly identify the charge, contain the elements of 18 U.S.C. § 119 and assert facts which, if proved, would establish a prima facie case for § 119; and will enable McNeil to plead either an acquittal or a conviction against repeated prosecutions. Accordingly, Counts 3, 6, 9, 12, and 15 of the Superseding Indictment will not be dismissed.

---

[5] The issue of the threatening nature of the alleged statements has already been discussed, *supra* section III.A.2.

**C. Section § 373(a) Counts**

Counts 2, 5, 8, 11, and 14 allege violations of 18 U.S.C. § 373(a).

Section 373(a) criminalizes,

> Whoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct . . . .

18 U.S.C. § 373(a). "To prove a violation of § 373(a), the government must establish (1) with strongly corroborative circumstances that a defendant intended for another person to commit a violent federal crime, and (2) that a defendant solicited or otherwise endeavored to persuade the other person to carry out the crime." *United States v. Dvorkin*, 799 F.3d 867, 878 (7th Cir. 2015) (internal quotation marks omitted). "A list of non-exhaustive corroborating circumstances of the defendant's intent include whether the defendant repeatedly solicited the commission of the offense, the defendant's belief as to whether the person solicited had previously committed similar offenses, and whether the defendant acquired the tools or information suited for use by the person solicited." *United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010).

Here, count 2 alleges, in relevant part,

> On or about September 24, 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant TERRENCE JOSEPH McNEIL, with the intent that other persons engage in conduct constituting a felony that has as an element the use and attempted use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and endeavor to persuade such other persons to engage in such conduct, to wit: to kill and attempt to kill an officer and employee of the United States while such officer and employee was engaged in and on account of the performance of official duties; that is certain members of the United States uniformed

>services, in violation of Title 18, United States Code, Section 1114, and to knowingly assault and batter certain United States servicemen on account of the military service of the servicemen and status of the individuals as United States servicemen, in violation of Title 18, United States Code, Section 1389(a).

Superseding Indictment ¶ 14. As with the § 875(c) and § 119 counts, each of the five counts alleging a violation of § 373(a) is parallel except for certain factual specifics:

- Count 5: "On or about September 29, 2015, . . . that is, A.B. and W.T., certain members of the United States uniformed services . . . and to knowingly assault and batter A.B. and W.T., United States servicemen . . . ."
- Count 8: "On or about September 29, 2015, . . . that is, N.S., a certain member of the United States uniformed services . . . and to knowingly assault and batter N.S., a United States serviceman . . . ."
- Count 11: "On or about October 3, 2015, . . . that is R.O., a member of the United States uniformed services . . . and to knowingly assault and batter R.O., a United States serviceman . . . ."
- Count 14: "On or about October 3, 2015, . . . that is R.O., a member of the United States uniformed services . . . and to knowingly assault and batter R.O., a United States serviceman, on account of the military service . . . ."

Superseding Indictment ¶¶ 20, 26, 32, 38.

As it did with the § 875(c) and § 119 counts, discussed above, the Superseding Indictment count closely tracks the language of § 373(a). Counts 2, 5, 8, 11, and 14 of the Superseding Indictment addresses the elements of § 373(a), alleging McNeil had the intent for another person or persons to kill certain specific U.S. military personnel, in violation of U.S. statute, and soliciting other person or persons to do so.

The Superseding Indictment also provides corroborating circumstances of McNeil's intent. Notably, McNeil is alleged to have expressed a specific desire that others should act, e.g.,

- "On or about May 14, 2014, Defendant posted, 'Somebody should park a car bomb in front of a church, school, or mall.'"

- "On or about August 14, 2015, Defendant posted a photograph of a black handgun with the caption, 'YODO YOU ONLY DIE ONCE WHY NOT MAKE IT MARTYRDOM.'"
- On September 21, 2016, McNeil allegedly posted an image including the text "Know that it is wajib for you to kill these kuffar! . . . Kill them in their own lands, behead them in their own homes, stab them to death as they walk their streets . . . ."

Superseding Indictment ¶ 5, 6.  McNeil is also alleged to have been aware that members of the audience he might be persuading had previously committed similar acts of violence, e.g.,

- "On or about May 11, 2014, Defendant posted, 'I can't wait for another 9/11, Boston bombing, or Sandy Hook!!!'"
- "On or about July 16, 2015, Defendant posted, 'I just heard the news Allahu Akbar!!!! May Allah (SWT) accept our brother Muhammad Youssef Abdulazeez.' Defendant's post referred to the events of July 16, 2015, where Muhammad Youssef Abdulazeez opened fire on two military installations located in Chattanooga, Tennessee. Four Marines and one Navy sailor were killed, and Abdulazeez was killed by authorities."

*Id.*  Finally, McNeil allegedly acquired information suited for use by those who might commit the crimes of violence—specifically the names and addresses of the solicited targets—an provided that information as part of the solicitation.  Superseding Indictment ¶ 6–10.  In short, the Superseding Indictment alleges sufficient corroborative circumstances suggesting intent.

Thus, Counts 2, 5, 8, 11, and 14 each fairly inform McNeil of the charge against which he must defend, i.e., solicitation in violation of 18 U.S.C. § 373(1); contain the elements of 18 U.S.C. § 373(a) and assert facts which, if proved, would establish a prima facie case for that charge; and enable him to plead either an acquittal or a conviction against repeated prosecutions.  Accordingly, Counts 2, 5, 8, 11, and 14 of the Superseding Indictment will not be dismissed.

**IV. Conclusion**

For the reasons discussed above, the Superseding Indictment properly sets forth the elements of each offense charged and asserts facts which, if proved, establish the each of

offenses charged.  Motion to Dismiss, Doc #: 37, is DENIED.

    IT IS SO ORDERED.

                                          */s/ Dan A. Polster     Jan. 11, 2017*
                                          **DAN AARON POLSTER**
                                          **UNITED STATES DISTRICT JUDGE**