IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15-CR-446 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| TERRENCE JOSEPH MCNEIL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION IN LIMINE

I.     INTRODUCTION

Now comes the United States of America, by and through its attorneys, David Sierleja, Acting United States Attorney, and Assistant United States Attorneys Christos N. Georgalis and Michelle M. Baeppler, and hereby moves the Court, in limine, to: (1) preclude Defendant from presenting evidence and argument that is inadmissible and irrelevant; (2) preclude Defendant from presenting evidence and argument concerning lawfulness and non-illegal conduct; and (3) preclude Defendant from informing the jury of the consequences of its verdict. In support of its Motion, the government states as follows:

II.   MOTIONS IN LIMINE

    A.   This Court Should Preclude Defendant From Presenting Evidence and Argument That Is Inadmissible and Irrelevant.

        1.   Defendant's Own Out-of-Court Statements Are Inadmissible Hearsay.

The government moves this Court in limine to preclude Defendant from introducing any self-serving, hearsay statements made by himself or others. At trial, the government will be seeking to introduce Defendant's interview statements, social media postings, internet searches, and other statements he made, which are admissible as party admissions. It is anticipated that Defendant may also attempt to introduce evidence of his own statements in the form of social media postings or otherwise to prove the truth of the matters asserted in them. Defendant should generally not be permitted to introduce these self-serving statements, which are classic inadmissible hearsay, unless, of course, Defendant can establish that each statement falls within a recognized hearsay exemption or exception.

            i.   Law and Argument

Federal Rule of Evidence 802 states that hearsay is not admissible. Rule 801 defines hearsay as an "oral . . . [or] written assertion" made out of court and offered "to prove the truth of the matter asserted." The Sixth Circuit has affirmed trial court decisions excluding hearsay from criminal trials. E.g., United States v. Gallagher, 57 F. App'x 622, 627–29 (6th Cir. 2003) (self-serving exculpatory statements were properly excluded as inadmissible hearsay). Any statements made in social media postings and interviews are clearly out-of-court statements. That makes these statements classic hearsay and therefore inadmissible under Rule 802, to the extent that Defendant seeks to introduce the statements for the truth of the matters asserted. The statements do not fall into any hearsay exception.

While the government is permitted to introduce a defendant's prior statements against the defendant as non-hearsay admissions of a party-opponent under Rule 801(d)(2), the defendant is not permitted to introduce the defendant's own statements under the same rule. See Gallagher, 57 F. App'x at 627 n.3 (citation omitted) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); United States v. Amir, 2011 WL 3862013, at *2 (N.D. Ohio Aug. 31, 2011) ("While Rule 801(d)(2) permits the introduction of a defendant's statements as non-hearsay admissions of a party opponent, '[t]he rules [of evidence] do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party") (citing United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996)).

When the government uses a defendant's out-of-court statement against the defendant, that statement is not hearsay by operation of Rule 801(d)(2), whereas, if a defendant attempts to use his out-of-court statement against the government in his own defense, that use of the statement is hearsay because the defendant would be offering his own statements—not those of the government—against the government. See Fed. R. Evid. 801(d)(2), 801(d)(2)(A). Defendant likewise cannot offer his out-of-court statements through another witness because in order for a party's statement offered through another witness to be admissible, the statement must be contrary to that party's position at the time of trial. See Auto-Owners Ins. Co. v. Jensen, 667 F.2d 714, 722 (8th Cir. 1981) ("An admission must be offered against a party, not for him."); Butler v. S. Pac. Co., 431 F.2d 77, 80 (5th Cir. 1970); Cox v. Esso Shipping Co., 247 F.2d 629, 632 (5th Cir. 1957). If the Defendant attempts to use his statements on his own behalf and against the government, the statement would clearly not be contrary to his position at the time of trial.

ii. Conclusion

Social media postings and other statements of Defendant are classic hearsay under Rule 802 and, based on the above-cited authorities, are not admissible under either Rule 801(d)(2)(A) or 801(d)(2)(E) because the party against whom the statements will be offered is the government. Accordingly, the self-serving statements of Defendant, offered by Defendant on his own behalf, are inadmissible to establish the truth of the matters asserted in the statements. For all these reasons, the government's motion in limine to exclude the use by Defendant of self-serving statements made in the form of social media postings, internet searches, or his interviews, among other things, should be granted.

2. Evidence of Third Party Guilt Is Inadmissible At Trial.

The government moves this Court in limine to preclude Defendant from introducing evidence of third party guilt. The government anticipates that Defendant may attempt to put the government's charging decisions on trial by seeking to introduce irrelevant evidence of other people who may have engaged in similar conduct, but who may not have been charged at this time. This Court should exclude such evidence regarding possible uncharged third parties (including potential additional co-conspirators), as well as the Government's charging decisions to date regarding those third parties because such evidence is not admissible and not relevant to the question of whether Defendant himself committed the charged crimes.

i. Law and Argument

A defendant may not seek to admit evidence intended to incriminate third parties or examine unrelated prosecutorial decisions. A defendant "does not have an unfettered right to offer testimony that is . . . inadmissible under standard rules of evidence," Taylor v. Illinois, 484 U.S. 400, 410 (1988), and is not permitted to introduce evidence designed to incriminate others

when, as in this case, such evidence "does not tend to prove or disprove a material fact in issue at the defendant's trial." Holmes v. South Carolina, 547 U.S. 319, 327 (2006) (citations omitted). A defendant is only allowed to introduce allegations of third party guilt when—unlike in this case—such guilt would effect a material fact in issue at the defendant's trial. Id. at 327. Here, evidence relating to the guilt or innocence of others who may have participated in similar conduct is irrelevant and inadmissible under Federal Rule of Evidence 401 and, even if found to be relevant, should be excluded under Federal Rule of Evidence 403 because it lacks any probative value and is completely outweighed by the substantial risk of confusing the issues and wasting time in this trial.

    Federal Rule of Evidence 401 provides that evidence is relevant if: (1) it has a tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. The charges in this case center upon Defendant's soliciting the murder of, threatening, and inciting/facilitating the commission of a crime against scores of U.S. military service men and women through several social media posts he made in September and October 2015. The guilt or innocence of third parties that may have made similar postings on social media and the government's prosecutorial decision-making as to those third parties, is wholly unrelated to the Defendant's own conduct and the government's prosecution of Defendant in this case. Whether additional individuals committed similar crimes, the government's decisions whether to charge those individuals, and if so, the types of charges to bring, and the timing of any such charges are all irrelevant to whether Defendant himself actually committed the crimes for which he is on trial. Only Defendant's actions and state of mind are material to his guilt.

Defendant has been charged with, among other things, declaring his support of the foreign terrorist organization, the Islamic State, and using his social media accounts to solicit the murder of, threaten the lives of, and publicize the personal information belonging to, scores of U.S. military service men and women. As provided in the Complaint Affidavit, "[o]n June 12, 2015, McNeil declared his support of ISIS, also referred to as ISIL, in a Tumblr posting on the internet. McNeil posted a response to an anonymous user's question 'If U [sic] support ISIS just admit it coward.' McNeil responded, 'lmao I don't support Egyptian idols if you mean the Islamic State I have stated many times that I do support them.'" Certainly, because the charged conduct involved social media re-postings, there was involvement of other individuals—whether those individuals were charged criminally liable or not. The fact that the government may not have indicted other individuals at this time does nothing to vitiate Defendant's own guilt. Defendant, therefore, should not be allowed to present such evidence relating to third party guilt in an attempt to promote jury nullification. Because evidence incriminating and prosecutorial decisions relating to others engaging in conduct similar to Defendant's conduct would not serve to make "more or less probable" any "fact of consequence in determining the action[,]" the evidence should be excluded as irrelevant. See Fed. R. Evid. 401.

Even if such evidence were found to be relevant, which it is not, it should still be excluded under Federal Rule of Evidence 403. Pursuant to Rule 403, the court may exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, *confusing the issues*, *misleading the jury*, undue delay, *wasting time*, or needlessly presenting cumulative evidence." (emphasis added). "An application of this principle is found in rules regulating the admission of evidence proffered by criminal

defendants to show that someone else committed the crime with which they are charged."
Holmes, 547 U.S. at 320 (citations omitted).

Here, Defendant would potentially be proffering evidence not to show that someone else had actually committed the crime with which he was charged (and thereby deflecting Defendant's guilt), but rather to show that someone else might also have committed similar crimes that may not have been charged. Even if Defendant were successful in proving the guilt of the others, such a finding would be irrelevant because it would do nothing to negate the elements involved in determining Defendant's own guilt. Therefore, in addition to having no probative value on the issue of whether Defendant committed the charged crimes, the introduction of such evidence would certainly confuse the issues of the case and waste the Court's and jury's time by forcing mini-trials over, among other things, the similarities and differences between Defendant's relationship with third parties or potential co-conspirators, legal bars to prosecution, and other tangential issues. These types of disputes would sidetrack the jury into considerations of factual and legal issues completely unrelated to the charges in this case and could potentially overwhelm the real issues involved in Defendant's trial. Moreover, it is misleading to a jury to introduce evidence of uncharged third parties, including additional potential co-conspirators, when the jury's job is to determine whether this Defendant committed the crimes for which he is charged and not whether additional people may have done the same thing.

That such evidence of uncharged third parties and other co-conspirators should be excluded is bolstered by the Sixth Circuit Pattern Jury Instructions. Pattern Jury Instruction 2.01(3) states:

> Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is

> no defense to a criminal charge. Your job is to decide if the Government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

The Sixth Circuit has upheld the use of this instruction as a correct statement of the law. See United States v. Ballentine, No. 98-6035, 1999 WL 1073653 at *7 (6th Cir Nov. 17, 1999); Smith v. United States, 285 Fed.Appx. 209, 214-15 (6th Cir. 2008) (unpublished).

Similarly, Pattern Instruction 3.06 states, in part:

> Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

### ii. Conclusion

Because it is improper for a defendant to use the possible guilt of others as a defense, here too, Defendant should not be allowed to introduce evidence or argument suggesting that additional people could have or should have been charged or that Defendant is being unfairly prosecuted. Accordingly, the United States respectfully moves this Court, in limine, to preclude Defendant from introducing evidence intended to incriminate any third parties or potential uncharged individuals. For all of these reasons, the government's motions in limine to preclude Defendant from introducing evidence of third party guilt should be granted.

### 3. Defendant's Anticipated Arguments On The Reposting of His Solicitations, Threats, and Intimidations Should Be Prohibited As A Misstatement Of The Law.

The government moves this Court in limine to preclude Defendant from introducing evidence or argument suggesting that his client must be found not guilty of the crimes charged because Defendant's solicitations, threats, and intimidations were mere re-postings that may not have originated with him. Such arguments are a misstatement of the law that would lead to confusion and should be excluded.

This Court has already denied Defendant's Motion to Dismiss. In that Motion, Defendant argued that the Superseding Indictment should be dismissed for failing to state an offense because the solicitations, threats, and incitements were retweets or reblogs of prior existing solicitations, threats, and incitements. For the same reasons this Court already denied Defendant's Motion to Dismiss, the government respectfully moves this Court to preclude Defendant from arguing at trial that he should be acquitted because the solicitations, threats, and incitements were re-postings. The argument in the government's Response in Opposition is reproduced, in part, below.

        i.        <u>Law and Argument</u>

The government anticipates that Defendant may argue at trial that he somehow is immune from criminal liability where the charged solicitations, threats, and incitements were re-tweets and re-blogs on social media. Defendant has been charged with declaring his support of the Islamic State, a foreign terrorist organization as stated in the Superseding Indictment (R. 30, Superseding Indictment, PageID 188), and using his social media accounts to solicit the murder of, threaten the lives of, and publicize the restricted personal information belonging to, scores of U.S. military service men and women.

The conduct relating to the specific Counts in the Superseding Indictment arises from five specific social media posts Defendant made in September and October 2015, though, as discussed in the government's Response in Opposition to the Motion to Dismiss, all of Defendant's conduct, both online and offline, provides circumstances strongly corroborative of his intent to solicit the murder of the U.S. servicemen and women, as well as his intent to threaten, intimidate, and incite/facilitate crimes against them. The fact that Defendant re-posted, not once or twice, but in five separate instances, solicitations, threats, and incitements originating

from a third party terrorist or terrorist organization does not shield him from criminal liability because he intended to adopt the messages and communicate them as his own. See United States v. Stewart, 590 F.3d 93 (2d Cir. 2009) (affirming a conviction for soliciting crimes of violence, where the defendant disseminated a fatwah on behalf of imprisoned terrorist Abdel Rahman). Notably, in Stewart, it was not relevant that defendant had merely relayed the words of a third party (Abdel Rahman) because, the court held, the statements amounted to speech integral to criminal conduct and defendant could be held liable for conveying such speech without any constitutional difficulty. Id. at 115-16; see also United States v. Sattar, 272 F. Supp. 2d 348, 374 (S.D.N.Y. 2003). In Sattar, the district court found the following:

> Sattar argues that the Indictment fails to allege conduct sufficient to establish a basis for the charge in Count Three [§ 373 solicitation]. In particular [Sattar] argues that the Indictment fails to specify the circumstances strongly corroborative of the required intent. However, the overt acts in Count One that the Government intends to incorporate are sufficient. The Indictment charges that Sattar, among other things, participated in drafting and disseminating a fatwah to be issued under Sheik Abdel Rahman's name that was entitled "Fatwah Mandating the Bloodshed of Israelis Everywhere" and that called on "brother scholars everywhere in the Muslim world to do their part and issue a unanimous fatwah that urges the Muslim nation to fight the Jews and to kill them wherever they are." <u>With the incorporation of Paragraph 21, Count Three will also allege that Sattar aided in issuing a statement from Sheikh Abdel Rahman renouncing the cease-fire [and thus resuming violence] between IG [Islamic Group] and the Egyptian government.</u> These specific acts are sufficient to support the allegation that Sattar solicited crimes of violence in violation of 18 U.S.C. § 373.

Sattar, 272 F. Supp. at 374 (emphasis added). Defendant's conduct in this case is strikingly similar. Not only did Defendant issue statements in the form of solicitations, threats, and incitements from the Islamic State, like the call to violence statements Sattar issued from Sheikh Abdel Rahman in prison, but Defendant also issued his own statements in posting the Islamic State's solicitation, threat, and incitement when Defendant stated: "don't let this kafir [referring to R.O.] sleep peacefully."

ii.    Conclusion

Accordingly, any argument at trial that Defendant cannot be found guilty of the charged offenses because they were re-postings is a misstatement of the law that would confuse the jury and should be precluded. This Court should grant the government's motion in limine and prohibit Defendant from raising arguments tantamount to a misstatement of the law.

B.    This Court Should Prohibit Defendant From Presenting Evidence and Argument Concerning Lawfulness and Non-Illegal Conduct.

The government anticipates that Defendant may try to introduce at trial evidence of Defendant's social media postings and social media images/videos that he may argue were innocuous to contrast the social media postings the government may introduce to prove the *mens rea* elements of Defendant's crimes. Not only are those social media postings when offered by Defendant inadmissible hearsay, as provided above, the postings and the images/videos would be inadmissible as other good acts evidence as well. As such, the government anticipates Defendant may try to present "good guy" evidence either during opening statement, through cross-examining the government's witnesses, or through his own witnesses. Such evidence is improper and inadmissible.

i.    Good Acts Evidence is Irrelevant and Inadmissible

Evidence that, on other uncharged occasions, a defendant had an opportunity to but did not commit a crime similar to that charged, is irrelevant. United States v. Qaoud, 777 F.2d 1105, 1111 (6th Cir. 1985). In Qaoud, the Sixth Circuit found that evidence that a judge did not accept a bribe on another occasion "demonstrate[d] little or nothing about [his] intent on the charges made in this indictment." 777 F.2d at 1111; see also United States v. Benedetto, 571 F.2d 1246, 1250 (2d Cir. 1978) (recognizing that "defense improperly attempted to establish defendant's

11

good character by reference to specific good acts" in a bribery case). Similarly, in United States v. Daulton, 2008 WL 116356, at 4 (6th Cir. 2008) (quoting United States v. Dobbs, 506 F.2d 445, 447 (5th Cir. 1975)), the Sixth Circuit found that "evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." See also United States v. Scarpa, 897 F.2d 63, 70 (2d Cir. 1990) ("[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions"); Herzog v. United States, 226 F.2d 561, 565 (9th Cir. 1955) ("A defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions").

In Daulton, a defendant charged with preparing false tax returns "sought to introduce testimony from seven clients whose tax returns he prepared without false deductions." 2008 WL 116356 at *4. In upholding the exclusion of that evidence, this Court recognized that "[t]he government did not contend that the defendant always engaged in criminal activity when preparing tax returns." Id. Hence, this Court concluded that "the proffered evidence of instances when Daulton prepared truthful returns is irrelevant to the charged instances." Id.; see also United States v. Ellisor, 522 F.3d 1255, 1270 (11th Cir. 2008) ("[t]he fact that [defendant] purportedly produced other shows [without absconding with the money] does not bear on his intent to defraud with respect to the Christmas show [where he absconded with the money], and is therefore irrelevant").

More recently, in United States v. Dimora, 750 F.3d 619, 630 (6th Cir. 2014), the Sixth Circuit affirmed the district court's exclusion of evidence Dimora sought to introduce that, "[n]ot unlike his argument in support of admitting the ethics reports, Dimora also hoped to present evidence of other 'good acts'—that on several occasions he helped constituents 'without asking

for . . . or receiving anything of value.'" The Sixth Circuit held that Dimora's proposed evidence was not probative of a non-character purpose because

> All it would have shown is that, in situations unrelated to the charges, Dimora did favors for people who did not pay him bribes. For the same reason that prior "bad acts" may not be used to show a predisposition to commit crimes, prior "good acts" generally may not be used to show a predisposition not to commit crimes.

Id.

      ii.  Conclusion

Similarly, this Court should exclude any evidence from Defendant of purportedly innocuous social media postings unrelated to the crimes charged in an attempt to negate the inference of criminal conduct. This evidence is unrelated and irrelevant to the crimes charged, is inadmissible hearsay as provided above, and should not be permitted by this Court.

  C.  This Court Should Preclude Defendant From Informing the Jury of the Consequences of its Verdict.

If convicted in this case, Defendant faces a possible lengthy term of imprisonment, a fine, a restitution order, and a term of supervised release. Based on the pre-plea presentence report ordered by this Court, Defendant's guidelines range is a life sentence.[1] Defendant may attempt to endeavor to educate the jury on the potential ramifications of a guilty verdict in this case with the hope of obtaining jury nullification. The Sixth Circuit has firmly stated, "[U]nless juries have roles in sentencing, such as in capital sentencing proceedings, juries should be instructed not to consider defendants' possible sentences during deliberation." United States v. Chesney, 86 F.3d 564, 574 (6th Cir. 1996). See United States v. Stotts, 176 F.3d 880, 886 (6th Cir. 1999).

---

[1] The statutes with which Defendant is charged, however, do not authorize a life sentence. If convicted on all fifteen counts, however, the maximum term of consecutively imposed sentences on all counts could be up to 150 years, or 1,800 months.

The Supreme Court explained the reasoning behind insulating the jury from possible penalties in a case.

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion.

Shannon v. United States, 512 U.S. 573, 579 (1994). The jury has no legal reason to consider the possible consequences of its verdict. Defendant should not be permitted to distract and confuse the jury by inviting the jury to decide the issue of guilt with the knowledge of this Court's sentencing options or the applicable guidelines range.

The Government moves this Court, in limine, to prohibit Defendant from eliciting any testimony or making any argument that may directly or indirectly inform the jury of sentencing options or endeavor to engender sympathy to Defendant.

III.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this honorable Court grant the above-reference Motions in Limine without a hearing.

        Respectfully submitted,

        DAVID SIERLEJA
        Acting United States Attorney

By:   /s/ Christos N. Georgalis
       Christos N. Georgalis (OH: 0079433)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3971
       (216) 522-2403 (facsimile)
       Chris.Georgalis@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of March 2017 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                 /s/ Christos N. Georgalis
                                                 Christos N. Georgalis
                                                 Assistant U.S. Attorney