IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 5:15CR446 |
| Plaintiff | * | |
| -vs- | * | JUDGE DAN A. POLSTER |
| TERRENCE JOSEPH McNEIL | * | |
| Defendant | * | DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE (DOC. #70 ) |
| | * * * | |

Now comes the Defendant, TERRENCE JOSEPH McNEIL, by and through undersigned

counsel, and hereby respectfully submits his response to the government's Motion in Limine

(Doc. #70) seeking to (1) preclude Defendant from presenting evidence and argument that is

inadmissible and irrelevant; (2) preclude Defendant from presenting evidence and argument

concerning lawfulness and non-illegal conduct; and (3) preclude Defendant from informing the

jury of the consequences of his verdict.

A.  This Court Should Preclude Defendant From Presenting Evidence and Argument That

Is Inadmissible and Irrelevant.

1. Defendant's Own Out of Court Statements Are Inadmissible Hearsay.

Mr. McNeil recognizes that Fed.R.Evid. 802 prohibits hearsay unless there is an

exception.  Pursuant to Fed.R.Evid. 801(c) Hearsay means a statement that: (1) the declarant

does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to

prove the truth of the matter asserted in the statement.  Mr. McNeil will reserve the right to

address this issue should he testify at trial.

1

2. Evidence of Third Party Guilt is Inadmissible at Trial

Here, the government is requesting that Mr. McNeil not be permitted to introduce evidence or argument suggesting that additional individuals could have been or should have been charged or that Defendant is being unfairly prosecuted. (Doc. #70, Page ID #606).  However, it would appear to Mr. McNeil that this is somewhat of an overbroad request as far as limiting Mr. McNeil's ability to present his case.  Specifically, in this case, there were posts and reposts.  To suggest that Mr. McNeil could not question witnesses whether other individuals had sent these emails to Mr. McNeil and/or other individual's involvement in the postings, would limit him in his defense.   Mr. McNeil believes that "to preclude Defendant from introducing evidence intended to incriminate any third party's or potential uncharged individuals", (Doc. #70, Page ID #606) unfairly limits him because it could be read as prohibiting him from advising the jury that he had received the postings from other individuals.

3.  Defendant's anticipated Arguments on the Reposting of his Solicitations, Threats and Intimidations Should be Prohibited as a Misstatement of the Law.

The government has further argued that Mr. McNeil should be prohibited from arguing that he cannot be found guilty of the charged offenses because they were re-postings which they claim is a misstatement of the law.  However, throughout this case the real question has been Mr. McNeil's intent.  To prohibit him questioning witnesses or presenting evidence that what was sent out by him as set forth in Counts 1-15 of the Second  Superseding Indictment were re-postings, would be to deny him an opportunity to argue that he lacked the proper intent in re-postings these items.

B. This Could Should Prohibit Defendant from Presentencing Evidence and Argument Concerning Lawfulness and Non-Illegal Conduct.

As set forth above, the issue in this case has been the intent of Mr. McNeil when he re-posted the five separate postings as set forth in the indictment.  The government has suggested that through Defendant's social media postings and social media images/videos, of which there are thousands, that Defendant may argue that these other postings were innocuous to contrast the social media postings the government may introduce to prove mens rea elements of Defendant's crime (Doc. #70, Page ID #609).  The government has presented this as anticipating Defendant trying to present "good guy" evidence during the course of this trial, and that such evidence is improper and inadmissible.  Mr. McNeil would suggest to this Court that there is a distinction between the contents of the laptop from which the evidence was obtained and the actions of the Defendants in the case set forth by the government in its motion.  For example, in *United States v. Qaoud*, 777 F.2d 1105, 1111 (6th Cir. 1985), the Court found that evidence that a Judge did not accept a bribe on another occasion "[d]emonstrated little or nothing about [his] intent on the charges made in this indictment."  The government also referred to *United States v. Benedetto*, 571 F.2d 1246, 1250 (2nd Cir. 1978) wherein the Court recognized that "defense improperly attempted to establish defendant's good character by reference to specific good acts," in a bribery case.  The difference in Mr. McNeil's case is that he would not be suggesting or presenting evidence which occurred on other occasions but rather postings and downloads which occurred at the time of the re-postings for which he is under indictment.  The issue in this case is Mr. McNeil's intent when the repostings were sent out

3

C. This Court Should Preclude Defendant from Informing the Jury of the Consequences of its Verdict.

Mr. McNeil recognizes that the jury is not consider the potential sentence in this case. On that basis, Mr. McNeil would ask that the Court exclude exhibit 117 which he presented to the Court, wherein the posting states: "Give brother 7 - 15 years in prison for trying to make HIJRAH to the Islamic state is ridiculous. What do you thing [sic] these brothers are going to do when they get out."  For comments such as this, which gives the jury an indication or an idea what the potential sentence in this case might be has no bearing in this case and should be excluded on that basis.

Respectfully submitted,

*/S/ NATHAN A. RAY*
NATHAN A. RAY 0041570
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
330-253-7171
330-253-7174 fax
burdon-merlitti@neo.rr.com

PROOF OF SERVICE

I hereby certify that on April 5, 2017, a copy of the foregoing Defendant's Response to Government's Motion In Limine was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/S/  NATHAN A. RAY*
NATHAN A. RAY
Attorney for Defendant

4